UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN MOMOT,

                    Plaintiff,

    -v-                                             1:13-CV-987

SUSAN DERKOWSKI; CAROLINE SACCONE;
and PAULA NEGRI,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

JOHN MOMOT, pro se
2613 Third Avenue
Watervliet, NY 12189

FERRARA, FIORENZA, LARRISON,       CHARLES E. SYMONS, ESQ.
   BARRETT & REITZ, P.C.
Attorneys for Defendants
5010 Campuswood Drive
East Syracuse, NY 13057


DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On August 15, 2013, plaintiff John Momot ("Momot" or "plaintiff"), proceeding pro se, commenced this action alleging unspecified violations of his constitutional rights. Plaintiff's claims, brought pursuant to 42 U.S.C. § 1983, arise from his termination from the Licensed Practical Nursing ("LPN") program at the Board of Cooperative Educational Services ("BOCES") Health Careers and Services, a state education service, in Albany, New York.

Momot asserts his claims against defendants Susan Derkowski and Caroline Saccone, Nursing Instructors in the LPN program at BOCES ("Instructor Derkowski" and "Instructor Saccone") and Paula Negri, BOCES Principal ("Principal Negri") (collectively "defendants").

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) ("Rule __") or, alternatively, for summary judgment pursuant to Rule 56.[1] The motion is fully briefed and was considered without oral argument.

## II. FACTUAL BACKGROUND

The following facts, taken from the complaint, are assumed true for purposes of the motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Although Momot brings claims of discrimination, he does not clearly allege his age, race, or national origin. He simply reports that he is "from Europe" and English is not his primary language. Compl. 3, ECF No. 1. In September 2011 he commenced study in the LPN program at BOCES. He began the clinical portion of the program in January 2012. Instructor Derkowski supervised his first clinical assignment at Ellis Hospital in Schenectady, New York. Instructor Derkowski allowed other students—but not plaintiff—to access patient information on the hospital computers. She also issued a citation against him for violating program rules concerning hygiene practices. When plaintiff attempted to discuss this citation with Principal Negri, she dismissed his explanation.

Instructor Saccone became Momot's clinical instructor on February 27, 2012. He had

---

[1] Momot filed his complaint on August 15, 2013. He asserts that he served the defendants on November 18, 2013. Defendants filed the pending motion on December 10, 2013. As no discovery has been exchanged between the parties, the motion will be construed as one strictly to dismiss and will not be converted in a motion for summary judgment.

- 2 -

earned a "90%" during the first semester under Instructor Saccone, who once praised him in front of the class. Id. However, plaintiff disagreed with her subsequent assessments of his clinical performance, her method of instruction, and the overall quality of the clinical program. He also refused to sign some of the evaluations with which he disagreed. Plaintiff complained to Principal Negri and Assistant Principal Rick Rose ("Assistant Principal Rose"), who both deferred to the decisions and methods of Instructor Saccone. Plaintiff claims that, in retaliation for his complaints, Instructor Saccone gave him improper direction and instruction in an effort to cause him to fail the clinical program.

In March 2012, Momot provided Assistant Principal Rose with a doctor's note indicating he had a hernia restricting his lifting capabilities.[2] Further, plaintiff experienced flu-like symptoms throughout the winter. He requested, and was granted, time off to convalesce. Instructor Saccone learned of plaintiff's hernia and, initially, refused to allow him to return to his clinical assignment because of that condition. On April 2, 2012, plaintiff failed his clinical evaluation under Instructor Saccone and was thus removed from the LPN program.

Momot reportedly filed a complaint with the "NYS Professional Education" and the "NYS Office of Professional Discipline." Id. at 6. He also asserts that the "US Department of Education" suggested he file this federal civil action. Id. He seeks monetary compensation and reinstatement in the LPN program.

---

[2] Momot suffered the hernia while working as a Certified Nursing Assistant at Daughter of Sarah Nursing Home, a job completely separate from the BOCES clinical program. According to plaintiff, this injury ended his employment at the nursing home. He filed a discrimination claim against that employer with the New York State Division of Human Rights.

**III. DISCUSSION**

Liberally construing Momot's complaint, he asserts an equal protection claim and a retaliation claim.[3] Generally, he alleges that the instructors in the LPN program at BOCES treated him differently than other students, provided deficient instruction, and ultimately failed him based on improper evaluations and in retaliation for his complaints to Principal Negri and his various disagreements with Instructor Saccone.

Defendants argue that the complaint must be dismissed in its entirety due to insufficient service of process, pursuant to Rule 12(b)(2), (4), and (5). They also maintain that the complaint fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Finally, defendants assert that they are entitled to qualified immunity.

**A. Service of Process**

Defendants argue that Momot failed to properly serve them in a timely manner, as required by the Local Rules of the Northern District of New York and the Federal Rules of Civil Procedure.

The Northern District of New York's Local Rule 4.1 and General Order No. 25 encourage a plaintiff to serve process upon all defendants within sixty (60) days of filing the complaint. The Court has discretion to extend this deadline, but "[i]n no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4." N.D.N.Y. R. 4.1. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice

---

[3] In his opposition papers, plaintiff maintains that defendants "harmed me without due process of law," "defamed me," and "used conspiracy." Pl.'s Mem. Opp'n Dismiss 1, 3. However, he did not use any of those words in the complaint. Even a liberal reading of the complaint cannot support procedural due process, defamation, or conspiracy claims. Such claims will therefore not be addressed.

- 4 -

against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

"When dealing with *pro se* parties, courts interpret the rules dealing with service of process liberally." St. John Rennalls v. Cnty. of Westchester, 159 F.R.D. 418, 420 (S.D.N.Y. 1994); see also Pride v. Summit Apartments, No. 5:09-CV-861, 2010 WL 2521776, at *2 (N.D.N.Y. June 16, 2010) (Suddaby, J.). Furthermore, "[d]eficiencies in the method of service are harmless error . . . where the party asserting deficient service has actual knowledge of the action and no prejudice results from the deficiency." St. John Rennalls, 159 F.R.D. at 420.

Momot initiated this action by filing the complaint on August 15, 2013. He failed to effectuate service within sixty days as required by the Local Rules. However, he attempted to perfect service upon the three individual defendants through a private process server, Servico, Inc. On November 18, 2013, the process server arrived at the BOCES facility in Albany, New York, where the LPN program is based, and left three copies of the summons and complaint with Assistant Principal Rose. On November 23, 2013, Momot filed a letter, addressed to Hon. Christian F. Hummel, United States Magistrate Judge, inquiring whether the service would be considered timely. ECF No. 8. The letter further noted that he had recently been terminated from his employment, was involved in a car accident, and had difficulty finding an attorney to assist him.

On December 3 and 4, 2013, the same process server returned to the BOCES facility and served Principal Negri and Instructor Saccone with a copy of plaintiff's November 23 letter to Judge Hummel. ECF Nos. 10, 11. Defense counsel filed a notice of appearance on

behalf of all three defendants and the pending motion to dismiss on December 10, 2013, which is 117 days after plaintiff filed the complaint.

Notwithstanding the technical deficiencies in plaintiff's initial attempts to perfect service, defendants have actual knowledge of the action against them. Indeed, counsel has entered an appearance on their behalf, and their pending motion to dismiss suggests they have received and reviewed the allegations contained in the complaint—all within 120 days of when Momot filed the complaint. Therefore, no apparent prejudice results from plaintiff's deficient service. Moreover, plaintiff's pro se status, his various attempts to serve the defendants at their place of business through a private process server, and his inquiry with the court all counsel against a rigid application of the rules regarding service.

Accordingly, defendants' motion to dismiss will be denied to the extent it is based on improper service of process.

### B. Failure to State a Claim

### 1. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is

plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers, 282 F.3d at 152. These pleading requirements apply to *pro se* plaintiffs as well as plaintiffs represented by counsel. Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004). However, particular deference should be given to a *pro se* litigant's complaint when applying the above standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." (internal quotation marks omitted)). Finally, a district court may consider documents attached to the complaint as exhibits or incorporated by reference therein. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

**2. Equal Protection**

Momot claims defendants treated him differently than other students in the LPN program. Specifically, he alleges Instructor Derkowski prevented him from accessing patient information on hospital computers and wrongly cited him for a violation of the program's hygiene rules. He claims Instructor Saccone fabricated his evaluations and provided deficient instruction in an effort to portray him as incompetent and cause him to fail the clinical program.

The Equal Protection Clause of the Fourteenth Amendment requires states to treat all similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). While equal protection claims typically involve discrimination based on membership

in a particular identifiable class, "the equal protection guarantee also extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials." Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). Such "class-of-one" claims include allegations that plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). Additionally, "class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).

Momot has not identified his age, race, or national origin. Nor does he specifically allege that defendants treated him differently due to the fact that English is not his primary language. His equal protection claim therefore must proceed under the class-of-one theory. However, he has not provided any information regarding the other students in the LPN program, much less established an extremely high degree of similarity for purposes of comparison. For example, he faults Instructor Saccone for providing poor evaluations and refusing to allow him to participate in the clinical program due to his hernia. However, he has not identified any other student in the program with comparable clinical skills or a similar injury who was permitted to continue in the program. Thus, he fails to state a plausible class-of-one equal protection claim. See Marino v. City Univ. of N.Y., __ F. Supp. 2d __, 2014 WL 1874855, at *15 (E.D.N.Y. 2014) (dismissing class-of-one claim in which plaintiff alleged only "that upon a review of her classmates' performances, it will be revealed that [defendant's] evaluations were disproportionately negative as compared to students who did not suffer from disabilities").

Further, defendants' alleged refusal to allow plaintiff to use the hospital computers is insufficient to state a claim that he was subject to disparate treatment. See Ruston v. Town Bd. for Skaneatles, No. 5:06-CV-927, 2008 WL 5423038, at *6 (N.D.N.Y. Dec. 24, 2008) (Scullin, S.J.) (finding a singular, conclusory allegation that plaintiff was treated differently than similarly situated persons insufficient to state a class-of-one claim).

Accordingly, defendants' motion to dismiss the equal protection claim will be granted.

### 3. Retaliation

Momot contends that Instructor Saccone gave him poor clinical evaluations and, ultimately, failed him in retaliation for his complaints to Principal Negri and Assistant Principal Rose.

In order to state a retaliation claim in the public employment context, a plaintiff must allege that: (1) he engaged in speech as a citizen on a matter of public concern; (2) he suffered an adverse employment action; and (3) his speech was a motivating factor in the adverse employment decision. Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008). "An employee who complains solely about his own dissatisfaction with the conditions of his own employment is speaking 'upon matters only of personal interest.'" Sousa v. Roque, 578 F.3d 164, 174 (2d Cir. 2009) (quoting Connick v. Myers, 461 U.S. 138, 147 (1983)).

Assuming, *arguendo*, that Momot's complaints to BOCES administrators was protected speech and not merely a matter of personal interest, he provides only conclusory allegations to connect such speech to his poor evaluations and dismissal from the clinical program. In fact, the only actual allegation regarding the retaliation claim relates to plaintiff's conversation with Instructor Saccone about his hernia. After learning of his condition,

- 9 -

Instructor Saccone advised that he could not participate in the clinical program. Plaintiff protested and pointed out that Assistant Principal Rose did not have any concerns about his continued participation in the program. This reportedly angered Instructor Saccone and, even though she permitted him to return to the program, "she memorized the event for revenge." Compl. 3. However, this "event" did not stem from Momot's protected speech, his complaints to the administrators about the program and his evaluations. It instead related to a personal disagreement with Instructor Saccone about his private medical condition.

In short, plaintiff fails to plausibly allege that his exercise of protected speech was a motivating factor for his poor evaluations and subsequent dismissal from the clinical program. Accordingly, defendants' motion to dismiss the retaliation claim will be granted.

### C.  Qualified Immunity

Finally, defendants argue they are entitled to qualified immunity. As neither of Momot's purported constitutional claims will survive the motion to dismiss, it is unnecessary to reach the issue of qualified immunity. See Demoret v. Zegarelli, 451 F.3d 140, 148 (2d Cir. 2006) ("If no constitutional or statutory right was violated—construing the facts in favor of plaintiffs—we need not conduct further inquiries concerning qualified immunity.").

### D.  Dismissal with Prejudice

Where, as here, a *pro se* plaintiff's complaint is dismissed at the motion to dismiss stage, a court ordinarily does so without prejudice and permits the plaintiff to file an amended complaint. See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) ("Certainly [a] court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

However, even a liberal reading of Momot's complaint does not evidence a valid

federal constitutional claim. The substance of his allegations is mere disagreement with the instructors' evaluations and methods of instruction. Plaintiff has had ample opportunity to lodge his complaints with the BOCES administration and, according to him, state and federal agencies. It would be futile to permit any further pleadings, and the complaint will therefore be dismissed with prejudice. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* plaintiff's complaint with prejudice because the substantive allegations were insufficient and repleading would be futile).

## IV. **CONCLUSION**

Momot's failure to perfect service on the individual defendants in accordance with the Local Rules was harmless as defendants have actual notice of the allegations in the complaint and were not prejudiced. However, plaintiff's factual allegations, taken as true, do not state plausible claims for relief. To the extent plaintiff alleges First and Fourteenth Amendment violations, such are supported by nothing more than legal conclusions. As a liberal reading of the complaint does not yield any indication of a viable constitutional claim, further pleadings or amendments would be futile.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss is GRANTED; and

2. Plaintiff's complaint is DISMISSED in its entirety with prejudice.

The Clerk of the Court is directed to enter judgment accordingly and close the case.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 16, 2014
       Utica, New York.